**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **OSCAR OMAR PERDOMO DE LAO,** | * | **CIVIL ACTION NO. 2:19-cv-13074** |
| | * | |
| **Plaintiff,** | * | **JUDGE: SARAH S. VANCE** |
| | * | |
| **VERSUS** | * | |
| | * | **MAGISTRATE: MICHAEL B. NORTH** |
| | * | |
| **SAM'S CLUB, WALMART, INC., and** | * | |
| **ABC INSURANCE COMPANY,** | * | |
| | * | **JURY REQUESTED** |
| **Defendants.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Defendants, Sam's Club and Walmart, Inc. ("Defendants"), respectfully submit this Memorandum in Support of its Motion for Summary Judgment. For the following reasons, no genuine issues of material fact exist concerning Defendants' creation or actual or constructive notice of the condition on the premises, and as such, and as a matter of law, Plaintiff cannot satisfy his burden of proof against Defendants.

### I.    FACTS

#### A.    DEPOSITION TESTIMONY OF PLAINTIFF, OSCAR PERDOMO

Oscar Omar Perdomo De Lao ("Plaintiff" or "Oscar Perdomo"), alleges that on July 16, 2018, he was shopping at Sam's Club Store No. 4775, located at 3900 Airline Highway, Metairie, Louisiana ("Sam's" or "Sam's Club").[1] As he walked through the store, he suddenly, and without warning, slipped on an unknown substance on the floor and fell to the ground.[2] At the time of the

---

[1] Exhibit A, Petition for Damages.
[2] Exhibit A.

incident, there were no signs of any type warning the patrons of Sam's club (sic) of this unknown hazardous substance on the floor.[3] As a direct consequence of Defendants' negligent, careless, and/or reckless actions, Plaintiff suffered damages to his body.[4]

Plaintiff testified that on the day of the incident, he went to Sam's Club with his girlfriend, Nora Morena, and her two children to buy a rotisserie chicken.[5] Plaintiff admitted he **did not** remember the date, the day of the week, **or** the time of his incident.[6] Plaintiff further admitted that he **did not** remember the shoes or the clothes he wore that day.[7]

Plaintiff paid for the chicken and as he, Ms. Morena, and the two children who were behind him, walked toward the store's exit, Plaintiff slipped on an unknown substance.[8] He testified that the store was well lit and he admitted he **did not** see anything on the floor before he slipped.[9] He was looking straight ahead as he walked toward the exit.[10] Prior to his incident, Plaintiff **did not** see anything in his peripheral vision on the floor and he admitted that his view of the floor was unobstructed.[11] He **was not** distracted or talking on his phone before he slipped.[12]

Plaintiff could **not** describe what caused him to slip.[13] Although his hands made contact with the floor, his hands **did not** touch the substance.[14] He testified that his clothes remained dry and he **did not** know the source of the substance.[15] Sam's Club customers, as well as Ms. Morena and her children, walked through the area of the incident without issue.[16]

---

[3] Exhibit A, Petition for Damages.
[4] Exhibit A.
[5] Exhibit B, Deposition of Plaintiff, p. 21, lines1-8.
[6] Exhibit B, p. 20, lines 11-23.
[7] Exhibit B, p. 22, lines 5-11.
[8] Exhibit B, p. 25, lines 7-9.
[9] Exhibit B, p. 24, lines 8-12.
[10] Exhibit B, p. 24, lines 13-16.
[11] Exhibit B, p. 24, lines 17-23.
[12] Exhibit B, p. 24, line 24 - p. 25, line 6.
[13] Exhibit B, p. 25, lines 12-14.
[14] Exhibit B, p. 25, lines 16-18; p. 26, lines 13-15.
[15] Exhibit B, p. 26, lines 16-21.
[16] Exhibit B, p. 27, lines 12-18.

Plaintiff had **no** information to suggest that a Sam's Club customer caused the alleged slippery condition.[17] He **did not** know long the floor was slippery prior to his incident.[18] He saw Sam's Club employees in the area, but he **did not** get their names.[19] Later he recalled speaking to a brown-skinned girl with black hair that he identified as a Sam's Club employee, working in the area.[20] Plaintiff testified that the employee **did not** mention or suggest to him that she knew the floor was slippery prior to the incident.[21] Plaintiff further testified that **no** Sam's Club employee mentioned or suggested to him that they knew the floor was slippery prior to his fall.[22] Likewise, **no** Sam's Club employee mentioned or suggested to him that a customer caused the alleged slippery condition on the floor.[23] Plaintiff **did not** speak to any Sam's customers after he slipped and he **did not** know if a customer saw the incident.[24]

Plaintiff admitted he **did not** have any information or knowledge to suggest why the floor was slippery.[25] More importantly, Plaintiff **did not** know what caused his incident but **speculated** that water **may have** been on the floor.[26] He admitted it was only **after** he slipped that he saw a substance on the floor, but he **did not** know if it was water or something else.[27] Plaintiff **did not** touch the substance, **nor** did his clothes and shoes make contact with the substance.[28] He **did not** know the size of the substance, but **speculated** that it was a two-foot wide circle.[29]

---

[17] Exhibit B, Deposition of Plaintiff, p. 27, lines 22-24.
[18] Exhibit B, p. 27, line 25 - p. 29, line 2.
[19] Exhibit B, p. 28, lines 3-7.
[20] Exhibit B, p. 28, lines 8-20.
[21] Exhibit B, p. 28, lines 21-23.
[22] Exhibit B, p. 29, lines 3-6.
[23] Exhibit B, p. 29, lines 7-9.
[24] Exhibit B, p. 29, lines 10-18.
[25] Exhibit B, p. 29, lines 19-21.
[26] Exhibit B, p. 29, lines 21-22.
[27] Exhibit B, p. 30, lines 1-3.
[28] Exhibit B, p. 30, lines 4-10; p. 30, line 24 - p. 31, line 3.
[29] Exhibit B, p. 29, lines 11-19.

Plaintiff admitted that the substance was undisturbed and there was no indication that anyone had walked through it or pushed a grocery basket through it.[30] Plaintiff **did not** know the location of the substance in relation to where he slipped because he **did not** pay attention to it.[31] Plaintiff testified he left Sam's Club without filing an incident report or speaking to a manager or employee.[32]

Plaintiff returned to the store that day to report the incident. He spoke with a manager and completed an incident report, but he **did not** remember the manager's name.[33] Plaintiff told the unidentified manager that he slipped in water, although he testified that he **assumed** the substance was water because it was clear.[34] Plaintiff testified the manager had **no** information to suggest that he knew the floor was slippery before the incident or that he knew the cause of the floor's slippery condition.[35]

## B. DEPOSITION TESTIMONY OF NORA MORENA

Plaintiff's girlfriend, Nora Morena, saw Plaintiff slip. Like Plaintiff, Ms. Morena had **no information** to suggest that a Sam's Club employee caused the substance to be on the floor. Furthermore, Ms. Morena had **no information** to suggest how long the substance had been on the floor prior to Plaintiff's incident. Likewise, Ms. Morena had **no information** to suggest that any Sam's Club employee knew the alleged substance was on the floor before Plaintiff fell.

Ms. Morena testified that she, the Plaintiff, and her two children went to the Sam's Club on Airline Drive to buy a rotisserie chicken.[36] They purchased the chicken and walked toward the

---

[30] Exhibit B, Deposition of Oscar Perdomo, p. 30, lines 20-23.
[31] Exhibit B, p. 30, lines 4-8.
[32] Exhibit B, p. 31, lines 15-16; p. 32, lines 10-12.
[33] Exhibit B, p. 35, lines 5-11.
[34] Exhibit B, p. 37, line 12 - p. 38, line 19.
[35] Exhibit B, p. 39, lines 13-21.
[36] Exhibit C, Deposition of Nora Morena, p. 25, line 25 - p. 26, line 7.

store's exit.[37] Ms. Morena and the children walked behind Plaintiff, and **guessed** that they were walking six feet behind him.[38] As she and the children walked toward the store's exit, she **did not** see anything on the floor.[39] Her view of the floor, as well as Plaintiff's view of the floor, was unobstructed.[40]

      Ms. Morena testified that when Plaintiff slipped, he caught himself with his hands and his body did not make contact with the floor.[41] Initially, Ms. Morena testified that Plaintiff lost one flip-flop when he slipped, but later **speculated** that he may have worn sandals that day.[42] Ms. Morena **speculated** that a dark brown substance on the floor caused Plaintiff to slip.[43] Initially, she testified that Plaintiff's hands, clothing, and feet did not make contact with the substance, but later **assumed** the substance was on Plaintiff's feet because he slipped.[44] Ms. Morena could offer **no information** about the size of the substance on the floor, and admitted she **did not** see the substance on the floor.[45] Although Ms. Morena testified that she **did not** see the substance on the floor, she admitted that she saw **no** buggy tracks or marks in it.[46]

      Ms. Morena admitted she **did not** know the source of the substance, **nor** did she know how the substance came to be on the floor.[47] No one told Ms. Morena that the substance was on the floor before Plaintiff slipped.[48] She admitted to seeing other Sam's Club customers walk through the area prior to and after Plaintiff slipped without incident or difficulty.[49] Ms. Morena had **no**

---

[37] Exhibit C, Deposition of Nora Morena, p. 14, line 4 - p. 15, line 9.
[38] Exhibit C, p. 28, line 20 - p. 29, line 3.
[39] Exhibit C, p. 30, lines 2-11.
[40] Exhibit C, p. 30, lines 12-18.
[41] Exhibit C, p. 31, line 4 - p. 32, line 11.
[42] Exhibit C, p. 31, lines 7-13; p. 32, lines 12-20.
[43] Exhibit C, p. 32, lines 21-25.
[44] Exhibit C, p. 33, lines 8-19.
[45] Exhibit C, p. 34, lines 5-13.
[46] Exhibit C, p. 34, lines 14-17.
[47] Exhibit C, p. 34, lines 18-22.
[48] Exhibit C, p. 34, line 23 - p. 35, line, 1.
[49] Exhibit C, p. 35, lines 2-21.

**information** to suggest that a Sam's Club patron or employee caused the floor to be slippery.[50] She **did not** know how long the substance was on the floor prior to the incident.[51]

Subsequent to Plaintiff's incident, **no** Sam's Club employee mentioned or suggested to her that the floor was slippery prior to the incident; likewise, **no** Sam's Club employee mentioned or suggested to her that a Sam's Club customer caused the alleged slippery condition on the floor.[52] She did not speak to any Sam's Club customer after Plaintiff fell and had **no** information to suggest that anyone reported the alleged slippery condition to Sam's before the incident.[53] Ms. Morena admitted that she **did not** know why the floor was slippery or who was responsible for the alleged slippery condition of the floor.[54]

Plaintiff did not report his fall before they left the store.[55] Before reaching their residence, Plaintiff decided to return to Sam's Club to report the incident.[56]  When they re-entered the store, they met with an unidentified male manager.[57] Ms. Morena admitted this manager **did not** mention or suggest to them that he knew about the alleged slippery condition of the floor before plaintiff slipped.[58] Likewise, the manager **did not** mention nor suggest that he knew the cause of the alleged slippery condition of the floor.[59] They did not return to the area where of incident.[60]

In this matter, Oscar Perdomo cannot recover under the requirements of La. R.S. 9:2800.6 because he has no affirmative evidence to prove that: (1) Sam's Club caused the alleged slippery condition of the floor; (2) any Sam's Club employee knew about the condition prior to the incident;

---

[50] Exhibit C, Deposition of Nora Morena, p. 35, line 22 - p. 36, line 9.
[51] Exhibit C, p. 36, lines 10-13.
[52] Exhibit C, p. 37, line 18 - p. 38, line 1.
[53] Exhibit C, p. 38, lines 2-7.
[54] Exhibit C, p. 38, lines 9-15.
[55] Exhibit C, p. 39, lines 6-9
[56] Exhibit C, p. 40, lines 10-14; p. 42, lines 15-18.
[57] Exhibit C, p. 42, lines 19-25; p. 44, lines 5-21.
[58] Exhibit C, p. 47, line 23 - p. 48, line 2.
[59] Exhibit C, p. 48, lines 3-6.
[60] Exhibit C, p. 48, lines 7-9.

or (3) a Sam's Club patron caused the alleged slippery condition on the floor or, (4) that the alleged substance was present for a sufficient period of time to create constructive knowledge on the part of Sam's. Accordingly, there is no factual dispute and summary judgment is appropriate as a matter of law in this matter.

## II.     LAW AND ARGUMENT

### A.  Summary Judgment Standard

A motion for summary judgment must be granted if, the movant shows that there is no genuine dispute as to any material fact.[61] The burden of producing evidence for summary judgment is first placed on the movant, normally the defendant, who can ordinarily meet the burden by submitting affidavits or by pointing out the lack of factual support for an essential element of the opponent's case.[62]

Movant's burden on the motion does not require the negation of all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the claim.[63] Once defendant has made this showing, plaintiff must come forward with facts showing that there is a genuine issue for trial.[64]

A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[65] Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and the motion must be granted.[66]

---

[61] Fed. R. Civ. P. 56(a).
[62] *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996); *Mack v. Shoney's, Inc.*, 07-922 (La. App. 5 Cir. 3/11/08), 983 So.2d 114, 116.
[63] *Mack v. Shoney's, Inc.*, 893 So.2d at 116; *Chaney v. Lucia*, 2013 WL 2147479, *2 (E.D. La. 5/15/13).
[64] *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).
[65] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007).
[66] *Matsushita Elec. Industrial Co.*, 475 U.S. at 588.

**B.   Plaintiff Cannot Meet His Burden of Proving the Essential Legal Elements of His Claim Under La. R.S. 9:2800.6.**

In a diversity case, Louisiana substantive law applies.[67] Louisiana R.S. 9:2800.6, the Louisiana Merchant Liability Act, sets forth a plaintiff's burden of proof in negligence actions on a merchant's premises due to a condition in or on the premises.[68] Under Louisiana jurisprudence, a merchant is under a duty to take reasonable care for the safety of its patrons, **but it is not the insurer of their safety**.[69] Accordingly, the storeowner is not under a duty to keep its entrances, aisles, and passageways in perfect condition.[70] Rather, the duty of the storeowner to protect the customers from foreign substances is one of "reasonable care under the circumstances."[71]

Louisiana R.S. 9:2800.6(B) provides, that in such actions, the claimant shall have the burden of proving, in addition to all other elements of the cause of action, that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.[72]

In all cases, the plaintiff bears the burden of proving each requirement enumerated by the statute.[73] The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to plaintiff's cause of action.[74]

---

[67] *Erie R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.1188 (1938).
[68] *Poindexter v. Lowe's Home Centers Inc.,* 2016 WL 1259861, at *2 (La.W.D. La. 3/28/16).
[69] *Rodriguez v. New Orleans Public Service, Inc.,* 400 So.2d 884 (La. 1981)(**Emphasis** added); *Crochet v. Hospital Service District No. 1,* 476 So.2d 516 (La. App. 1st Cir. 1985); *Miller v. McDonald's Corp.,* 439 So.2d 561 (La. App. 1st Cir. 1983).
[70] *Stockwell v. Great Atlantic & Pacific,* 583 So. 2d 1186 (La. App. 1st Cir. 1991).
[71] *Robinson v. F.W. Woolworth Co.,* 420 So. 2d 737 (La. App. 4th Cir. 1982).
[72] La. R.S. 9:2800.6(B).(**Emphasis added**)
[73] *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081.
[74] *Flowers v. Wal-Mart Stores, Inc.,* 12-140 (La. App. 5 Cir. 7/31/12), 99 So.3d 696, 699.

1.      **Plaintiff Has Not Met His Burden of Proving that Sam's Club Created the Condition That Allegedly Caused His Incident.**

Assuming *arguendo* that there was a substance on the floor, Plaintiff has not met his burden of proving that Sam's Club created the condition that allegedly caused his incident. The Louisiana First Circuit Court of Appeal held "[t]o prove a merchant created a condition that caused an accident, there must be proof that the merchant, and not a store patron, is directly responsible for the hazardous condition".[75] Applying this principle, in *Ross v. Schwegmann Giant Super Markets, Inc.*, the Louisiana First Circuit found that the plaintiff failed her burden of proving that the merchant was directly responsible for the condition on the floor when "there [was] no evidence that would establish that the crab salad found its way onto the floor because of an act by a Schwegmann employee."[76]

Here, Oscar Perdomo, with no corroborating evidence, has failed to satisfy his burden in proving that a Sam's Club employee, rather than a Sam's Club customer, caused the substance to be on the floor that allegedly caused his incident. In his deposition, Plaintiff testified that he **had no** information to suggest how the substance got on the floor.[77]

Louisiana jurisprudence has long recognized that "to avoid a summary judgment motion mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6."[78]

---

[75] *Held v. Home Depot, U.S.A.*, 2016-1252 (La. App. 1 Cir. 6/2/17), 2017 WL 239901898 (citing *Ross v. Schwegmann Giant Super Markets, Inc.*, 98-1036 (La. App. 1 Cir. 5/14/99), 734 So.2d 910, *writ denied sub nom. Ross v. Schwegmann Giant Supermarkets, Inc.*, 99-1741 (La. 10/1/09), 748 So.2d 444.
[76] *Ross v. Schwegmann Giant Super Markets, Inc.*, 748 So.2d 444.
[77] Exhibit B, Deposition of Oscar Perdomo, p. 26, lines 16-21.
[78] *Robinson v. Brookshires #26*, 769 So.2d 639, 642 (La. App. 2 Cir. 2000).

**2.      Plaintiff Has Not Met His Burden of Proving That Sam's Club Had Actual Notice of the Condition That Allegedly Caused His Incident.**

Plaintiff Perdomo fails to meet his burden of proving that Sam's Club had actual notice of a substance on the floor that caused him to slip. As discussed herein, Plaintiff and Nora Morena testified that they had **no** information to suggest that any Sam's Club employee knew a substance was on the floor prior to Plaintiff's incident.[79]

Consequently, based on the deposition testimony of Plaintiff and Ms. Morena, Plaintiff **does not** have factual support essential to his claim that Sam's Club had actual notice of the presence of a substance on the floor prior to his incident. Assuming *arguendo* that there was a substance on the floor at the time of his fall, Plaintiff fails to present evidence that Sam's Club was aware of the substance on the floor before he fell.[80] In *Williams-Ball v. Brookshire Grocery Co.*, the court found that the plaintiff failed to prove that the merchant had actual notice of the damage-causing condition, when "there was simply no evidence that anyone saw the substance on the floor prior to the incident or reported it to the merchant to put the defendant grocery store on actual notice of the damage-causing condition.[81]

Simply stated, Plaintiff has not and cannot produce factual support sufficient to establish that he would be able to satisfy his burden of proof at trial on the issue of Sam's actual notice.

---

[79] Exhibit B, Deposition of Oscar Perdomo p. 29, lines 3-6; Exhibit C, Deposition of Nora Morena, p. 35, lines 22 - p. 36, line 9.
[80] *Bassett v. Toys "R" Us Delaware, Inc.*, 36,434 (La. App. 2 Cir. 12/30/02), 836 So.2d 465.
[81] *Williams-Ball v. Brookshire Grocery Co.*, 50,722 (La. App. 2 Cir. 6/29/16), 198 So.3d 195.

**3.      Plaintiff Has Not Met His Burden of Proving That Sam's Had Constructive Notice of the Condition Which Allegedly Caused Him to Slip and Fall.**

This case must be dismissed because Plaintiff cannot meet his burden of showing that Sam's Club had constructive knowledge of the substance on the floor, believed to be water, which allegedly caused his incident.  According to La. R.S. 9:2800.6(C) (1):

> 'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.[82]

In *White v. Wal-Mart Stores, Inc.*, the Louisiana Supreme Court held, "a plaintiff who seeks to prove a merchant's constructive knowledge of an allegedly dangerous condition must show that the condition existed for long enough prior to the fall to put the merchant on notice thereof."[83] In a discussion of the burden of proof necessary for a cause of action pursuant to La. R.S. 9:2800.6(B), the Louisiana Supreme Court explained:

> Because the statute is clear and unambiguous and contains no provision for shifting the burden to the defendant to prove his lack of culpability, we find that it is the plaintiff's burden to prove each element of her cause of action under La. R.S. 9:2800.6(B) (1991). Furthermore, because constructive notice is plainly defined to include a mandatory temporal element, we find that where a claimant is relying upon constructive notice under La. R.S. 9:2800.6(B)(2) (1991), **the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time**, and that such time was sufficient to place the merchant defendant on notice of its existence.[84]

In a slip and fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6.[85] To avoid a

---

[82] La. R.S. 9:2800.6(C)(1); *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084; *Burns v. Sedgwick Claims Mgmt. Servs.,* 14-421 (La. App. 5 Cir. 11/25/14), 165 So.3d 147, 153.

[83] *White v. Wal-Mart Stores, Inc.*, 699 So.2d at 1084.

[84] *Id*. at 1082 (**emphasis** added).

[85] *Sheffie v. Wal-Mart Louisiana, LLC*, 13-792 (La. App. 5 Cir. 2/26/14), 134 So.3d 80, 83-84, *writ denied,* 14-0881 (La. 6/20/14), 141 So.3d 813; *Melancon v. Popeye's Famous Chicken*, 10-14109 (La. App. 3 Cir. 3/16/11), 59 So.3d 513, 515.

summary judgment motion on a slip and fall claim against a merchant, mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff.[86] A plaintiff who simply shows that an allegedly dangerous condition existed without also showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice, and those claims are subject to summary dismissal.[87]

Even if contained in deposition testimony, conclusory allegations, inferences, and unsupported speculation are insufficient to satisfy a plaintiff's burden of proof.[88] Here, Oscar Perdomo's speculation that his incident was caused by water because the substance was clear is insufficient to defeat Defendants' motion for summary judgment.

While the claimant must make a positive showing of the existence of the condition prior to the accident, a defendant merchant does not have to make a positive showing of the absence of the condition prior to the incident.[89]  In *Oster v. Winn-Dixie*, a store patron brought a premises liability action against the store after slipping on a piece of plastic and striking his head on a steel display shelf. In affirming summary judgment for Winn-Dixie, the Louisiana Fifth Circuit Court of Appeal reasoned, "[b]ecause it is the claimant's burden to prove the existence of the condition for some period of time, the absence of evidence cannot support the claimant's cause of action. Rather, the absence of evidence is fatal to the claimant's cause of action."[90]

---

[86] *Robinson v. Brookshires #26, supra* n. 77 at 642.

[87] *Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078 (La. 6/30/00), 764 So.2d 37; *Oster v. Winn-Dixie*, 04-117 (La. App. 5 Cir. 8/31/04), 881 So.2d 1257, *writ denied*, 2004-2414 (La.12/17/04), 888 So.2d 867; *Mack v. Shoney's Inc*., *supra* n. 6 at 114 (affirming summary judgment in slip and fall case due to lack of positive evidence of constructive notice); *Wright v. SSC Service Solutions, Inc*., 07-219 (La. App. 5 Cir. 9/25/07), 968 So.2d 759 (same); *Boeshans v. Petsmart, Inc*., 06-606 (La. App. 5 Cir. 1/16/07), 951 So.2d 414 (same); *Campo v. Winn-Dixie Louisiana, Inc*., 02-47 (La. App. 5 Cir. 5/15/02), 821 So.2d 94 (same).

[88] *Richard v. Liberty Mut. Ins. Co.*, 13-26 (La. App. 3 Cir. 10/9/13), 123 So.3d 345. *See also, Sears v. Home Depot, USA, Inc.*, 06-201 (La. App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied*, 06-2747 (La. 1/26/07), 948 So.2d 168.

[89] *Oster*, 881 So.2d at 1261.

[90] *Id.*

In *Jones v. Brookshire Grocery Co*., the court found that plaintiff failed to establish that a grocery store owner had constructive knowledge of an alleged wrinkle in a mat near the exit that allegedly caused the customer to fall because there was no evidence what caused the wrinkle or how long the wrinkle in the mat was present.[91]

A claimant who simply shows that a condition existed at the time of the incident without an additional showing that the condition existed for some time before the incident has not carried the burden of proving constructive notice.[92] For example, in *Norden v. Wal-Mart Stores, Inc.*, the Louisiana Fourth Circuit Court of Appeal dismissed a plaintiff's claims against Walmart when the plaintiff failed to introduce any testimony or evidence to establish the length of time that the protruding boxes existed prior to her trip and fall.[93] In support of its dismissal, the *Norden* court found it especially significant that "in plaintiff's own testimony, she admit[ed] that she does not know how long the boxes were protruding from the shelf prior to her fall."[94]

Similarly, in *Williams v. Shoney's, Inc.*, the Louisiana First Circuit Court of Appeal granted summary judgment in favor of Shoney's because the plaintiff had not seen the spill before her fall, and admitted in her deposition that she had no knowledge or information concerning how long the foreign substance had been on the floor before she fell. [95] The *Williams* court explained:

> Plaintiff could not establish constructive notice by defendant herein as she submitted no testimony or evidence establishing the length of time the spill remained on the floor. She testified in her deposition that she was unable to say whether the liquid had been there seconds or minutes. In fact, she

---

[91] *Jones v. Brookshire Grocery Co*., 37,117 (La. App. 2 Cir. 5/14/03), 847 So.2d 43; S*ee also Robinson, supra* n. 77 at 639 (no evidence existed as to how long a puckered rug on which a customer tripped and fell existed, and thus the store did not have constructive notice of the condition).
[92] *White, supra* n. 81 at 1084; *Rhea v. Winn Dixie Mkt. Place Store*, 2002-2182 (La. App. 4 Cir. 6/4/03), 849 So.2d 759, 761.
[93] *Norden v. Wal-Mart Stores, Inc.*, 97-2128 (La. App. 4th Cir. 8/12/98), 716 So.2d 930, 933.
[94] *Id.*
[95] *Williams v. Shoney's Inc.,* 1999-0607 (La. App. 1 Cir. 3/31/00), 764 So.2d 1021.

candidly admitted that she had no idea how long the liquid had been on the floor prior to the accident.[96]

Similarly, in *Coleman v. Wal-Mart Stores, Inc.*,[97]  the Louisiana First Circuit Court of Appeal granted summary judgment in favor of Walmart when the plaintiff, who alleged to have slipped and fallen on liquid on the floor, failed to show that "the liquid was on the floor for any period other than the briefest of moments before the accident."[98] Based on plaintiff's proffered evidence, the *Coleman* court reasoned that Walmart did not have constructive notice of the liquid on the floor.[99]

The Louisiana Fifth Circuit Court of Appeal, in *Luft v. Winn Dixie Montgomery, LLC*, held that evidence sufficient to show that a condition existed for some length of time includes shopping cart tracks or dirt in a spilled substance.[100] However, as evidenced by [Luft's] testimony, there is simply no evidence to determine the length of time the clear liquid was on the floor before he slipped because he testified that he did not notice any dirt or shopping cart tracks through the liquid.[101]

In *Kennedy v. Wal-Mart Stores, Inc.*, the Louisiana Supreme Court held that the plaintiff failed his burden of proof on the issue of constructive notice even though the plaintiff produced evidence showing the general area where he fell was (1) within view of a customer service podium; and (2) within feet of a Walmart cashier and Walmart customer service manager.[102] The trial court found that Walmart had constructive notice of the puddle, reasoning that Walmart associates

---

[96] *Williams v. Shoney's Inc.,* 764 So.2d at 1024.

[97] *Coleman v. Wal-Mart Stores, Inc.,* 98-0124 (La. App. 1st Cir. 11/6/98), 721 So.2d 1068, 1070.

[98] *Id.*

[99] *Id.*

[100] *Luft v. Winn Dixie Montgomery, LLC*, 16-559 (La. App. 5 Cir. 2017), 228 So.3d 1269, 1274.

[101]   *Id. See Zeringue v. Wal-Mart Stores, Inc.*, 10-589 (La. App. 5 Cir. 3/29/11) 62 So.3d 276, 277 (finding that a plaintiff in a slip-and-fall case involving grapes on the floor failed her burden of proof on the temporal element of notice when the she "did not notice any buggy tracks".)

[102] *Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99), 733 So.2d 1188, 1191.

"clearly had a good close-up look at the area where [plaintiff] fell before he arrived there."[103] The Louisiana Third Circuit Court of Appeal affirmed the trial court's decision.[104]

The Louisiana Supreme Court, however, reversed the Louisiana Third Circuit and the trial court, explaining:

> [The] plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident. Therefore, plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the condition. Because plaintiff failed to prove an essential element of his cause of action under La. R.S. 9:2800.6, the trial court committed legal error in allowing plaintiff to recover, and the court of appeal erred in affirming this judgment. Accordingly, we must reverse.

Here, as in the cases discussed herein, Oscar Perdomo cannot satisfy his burden of proof on the issue of constructive notice because he testified at his deposition that he **does not** know how long the liquid had been on the floor prior to his incident.[105] Evidence sufficient to show that a condition has existed for some period of time includes footprints, shopping cart tracks, or dirt in a spilled substance."[106]  Here, Oscar Perdomo testified that the liquid was clear and undisturbed and he **did not** notice any buggy tracks in in the substance.[107]  In *Roberts v. Hartford Fire Ins. Co.*, the court found that the defendant grocery store did not have constructive notice of a puddle on the floor and found that plaintiff offered no proof as to any footprint or buggy tracks in the water.[108] The water was described as clear and clean by all the witnesses who observed it which tends to support a conclusion that the puddle had not been on the floor very long, certainly not "for such a period of time that the defendant would have discovered it by the exercise of ordinary care".[109]

---

[103] *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d at 1189.
[104] *Id.* at 1190.
[105] Exhibit B, Deposition of Oscar Perdomo, p. 28, lines 3-7.
[106] *Luft, supra* n. 99, 228 So. 3d at 1274.
[107] Exhibit B, p. 30, lines 20-23.
[108] *Roberts v. Hartford Fire Ins. Co.*, 05-1178 (La. App. 3 Cir. 4/5/06), 926 So. 2d 121, 127.
[109] *Id.*

Based on the foregoing jurisprudence and deposition testimony, Plaintiff, without more, cannot satisfy the temporal element of La. R.S. 9:2800.6[110] Although, the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.[111] Therefore, Oscar Perdomo does not have the factual support essential to his claim that Sam's Club had constructive notice of the presence of a substance on the floor prior to his fall. Accordingly, Plaintiff cannot produce factual support sufficient to establish that he would be able to satisfy his burden of proof at trial on the issue of Defendants' constructive notice.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff has not and cannot put forth any evidence that Sam's Club created or had actual or constructive notice of the condition that he alleges caused him to slip and fall on the premises. As such, this Court should grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice, at Plaintiff's cost.

Respectfully submitted,

*Dorothy L. Tarver*
**DOROTHY L. TARVER (#29714)**
**ISIDRO RENÈ DeROJAS (#18182)**
**McCRANIE SISTRUNK ANZELMO**
**HARDY McDANIEL & WELCH, LLC**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone:    (504) 831-0946
Facsimile:    (800) 977-8810
E-Mail:    dlt@mcsalaw.com
E-Mail:    ird@mcsalaw.com
*Attorneys for Defendants, Sam's Club and Walmart, Inc.*

---

[110] *Demouy v. Sam's Wholesale, Inc.* 2011 WL 2981117 (La.App. 1 Cir 6/10/11).
[111] *Id.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of May 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*Dorothy L. Tarver*
**DOROTHY L. TARVER**