UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OSCAR OMAR PERDOMO DE LAO                     CIVIL ACTION

VERSUS                                         NO. 19-13074

SAM'S CLUB, ET AL.                             SECTION "R" (5)

### ORDER AND REASONS

Before the Court is defendants' motion for summary judgment.[1] Because there is no genuine dispute of material fact as to defendants' liability under Louisiana's merchant slip-and-fall statute, the Court grants defendants' motion.

### I.  BACKGROUND

This case arises from a slip and fall in a Sam's Club. On July 16, 2018, plaintiff Oscar Omar Perdomo De Lao was shopping at a Sam's Club with his girlfriend and her children.[2] Video evidence shows various shoppers walking up and down an aisle near the front of the store.[3] Around 11:06 a.m., a

---

[1]    R. Doc. 13.
[2]    R. Doc. 1-2 at 1 ¶ 2; R. Doc. 26-6 at 19-21.
[3]    R. Doc. 26-2 (video evidence).

woman with a cart full of items stopped near the aisle.[4] About three minutes later, the woman moved her cart slightly to the right, out of the way of the aisle.[5] Almost immediately afterwards, plaintiff walked down the aisle, slipped on an unknown substance, and fell to the ground.[6]

Plaintiff did not see the substance on the floor before he slipped, nor could he testify how long it had been on the floor.[7] Plaintiff's girlfriend, Nora Moreno, was walking behind him at the time.[8] She testified that she saw a brown substance on the floor, but noticed it only after plaintiff fell.[9] Other witnesses testified that the substance was clear,[10] and plaintiff suggested it may have been water.[11] The floor itself was a dark color.[12] Immediately after plaintiff slipped, a Sam's Club employee walked up and cleaned the substance with the help of a manager.[13]

Plaintiff left the store without filing an incident report or speaking to a manager.[14] He testified that later he felt pain in his finger, so he returned to

---

[4]    *Id.* at video 2, 11:06:00.
[5]    *Id.* at video 2, 11:08:45.
[6]    *Id.* at video 2, 11:08:55; R. Doc. 1-2 at 1 ¶ 2; R. Doc. 26-6 at 24-26.
[7]    R. Doc. 26-6 at 24-26.
[8]    R. Doc. 26-2 at video 2, 11:08:55; R. Doc. 26-7 at 28.
[9]    R. Doc. 26-7 at 30-32.
[10]   R. Doc. 26-5 at 14.
[11]   R. Doc. 26-6 at 29.
[12]   R. Doc. 26-2.
[13]   R. Doc. 26-2 at video 2, 11:08:55; R. Doc. 26-5 at 12-13.
[14]   *Id.* at 31.

the Sam's Club and filled out an incident report.[15] The incident report states that a "member lost footing on chicken grease."[16]

Plaintiff later sued Sam's Club, Walmart, Inc., and the stores' insurance company, alleging that he suffered "personal injuries to his entire body and property, including, but not limited to, the skeletal, musculature, and nervous systems."[17] Defendants now move for summary judgment.[18]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are

---

15     *Id.* at 32-35.
16     R. Doc. 26-3.
17     R. Doc. 1-2 at 2 ¶ 5.
18     R. Doc. 13.

3

drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease,* 755 F. Supp. 948, 951 (D. Colo. 1991)). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

### III. DISCUSSION

Louisiana statutory law governs the "[b]urden of proof in claims against merchants" when a plaintiff alleges that the merchant's negligence caused the plaintiff to be injured in a fall on the merchant's premises. *See* La. R.S. 9:2800.6. The Fifth Circuit has observed that this "statute 'places a heavy burden of proof on plaintiffs' in slip and fall cases," *Bagley v.*

*Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)), which cannot be met by "[m]ere speculation or suggestion." *Id.* (quoting *Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2 Cir. 2003)).

For the purposes of this motion, defendants do not dispute that there was a substance on the floor.[19] Indeed, based on the evidence presented by the plaintiff, there is at least an issue of material fact as to whether a substance existed on the floor at the time plaintiff slipped. But defendants dispute that plaintiff can carry his burden of proving the store had notice. Under the statute, a plaintiff must prove, among other things, that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. R.S. 9:2800.6(B)(2). Plaintiff does not argue that any Sam's Club employees had actual notice of the condition that made him slip. This dispute therefore turns on whether plaintiff can create an issue of material fact as to defendants' constructive notice of the condition.

Under the statute, a plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time

---

[19]    *See* R. Doc. 13-1 at 9 ("Assuming *arguendo* that there was a substance on the floor . . .").

that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). A claimant may prove constructive notice either by submitting direct evidence of how long the condition existed, *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188, 1191 (La. 1999), or by putting forth circumstantial evidence that demonstrates the condition existed for a sufficient period of time that it would have been discovered if the merchant exercised reasonable care. *Woods v. Wal-Mart Louisiana, LLC*, No. 11-1622, 2012 WL 5926178, at *2 (W.D. La. Nov. 26, 2012) (denying summary judgment when a liquid in a store was dirty and had track marks, which created an issue of material fact as to how long the liquid had been on the floor); *Lacy v. ABC Ins. Co.*, 712 So. 2d 189, 192 (La. App. 4 Cir. 1998) (upholding summary judgment in favor a plaintiff when he slipped on a banana that was dirty and had been kicked from one aisle to another by customers).

### A. Video Evidence

Plaintiff first argues that he has direct evidence of how long the substance was on the floor, as he points to a video recording of the area where he fell on the day of the accident.[20] Plaintiff avers that a customer can be

---

[20] R. Doc. 26-2 (video surveillance evidence).

seen eating a slice of pizza in the vicinity of where he slipped at 10:57.[21] From this evidence, he posits that grease from this pizza may have fallen to the floor, which caused plaintiff to slip around 11:08.[22]

The Fifth Circuit, however, has stated that "mere speculation or suggestion is not sufficient to meet [plaintiff's] burden" of establishing constructive notice. *Bagley*, 492 F.3d at 330. And here, plaintiff's argument is only speculation. The video evidence does not show any grease falling from the pizza to the floor. Moreover, dozens of customers walked in the area where plaintiff fell in the intervening ten minutes, without incident. Indeed, the video evidence does not show a substance on the floor in the area where plaintiff fell. Although the video shows a customer who stopped her cart in the immediate vicinity where plaintiff fell right before the fall,[23] it does not show anything spilling from her cart to the floor. Indeed, even if she had spilled the substance, plaintiff fell only seconds after she moved her cart.[24] This is insufficient time to establish constructive notice. The video evidence therefore does not establish an issue of material fact as to how long the substance was on the floor.

---

[21]   *Id.* at video 2, 10:57:07-10:57:35.
[22]   *Id.* at video 2, 11:08:56.
[23]   R. Doc. 26-2 at video 2, 11:06:00.
[24]   *Id.* at video 2, 11:08:45.

Other courts have also reached similar results. *See, e.g.*, *Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (affirming summary judgment when "footage does not show the substance" and thus "the temporal inference [the plaintiff] seeks to draw from the footage would be inappropriate"); *Taylor v. Wal-Mart Stores, Inc.*, No. 10-1503, 2011 WL 3439928, at *4 (E.D. La. Aug. 8, 2011) (finding that denying defendant's motion for summary judgment would require the court to "draw a series of impermissible inferences unsupported by this summary judgment record" when "[t]he video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area"); *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So. 2d 37, 40 (La. 2000) (per curiam) (permitting summary judgment when, absent speculation, the plaintiff was "unable to make a positive showing that the condition did exist for some period of time p[rior] to his fall"); *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188, 1191 (La. 1999) (per curiam) (issuing judgment for defendant when "plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening in question," but "presented absolutely no evidence as to the length of time the puddle was on the floor before his accident"); *Dawson v. Brookshire Grocery*

9

*Co.*, 718 So. 2d 623, 626 (La. App. 2 Cir. 1998) ("[P]laintiff failed to present positive evidence that water or moisture was present on the floor or had remained on the floor for any length of time prior to her fall. This lack of evidence that the water was present for some period of time is fatal to the plaintiff's cause of action.").

### B. Circumstantial Evidence

Plaintiff also argues that circumstantial evidence demonstrates that the substance was on the floor for long enough that it would have been discovered if the Sam's Club employees had exercised reasonable care. Specifically, plaintiff points to the testimony of Nora Moreno, who stated the substance was "dark, like brown,"[25] and the testimony of Earold Swatt, a Sam's Club employee, who equivocally testified that the substance was a "smear" or a "scuff."[26]

The Court will accept as true Moreno's testimony that the substance was brown, although the floor was a dark color,[27] Swatt testified that the

---

[25] R. Doc. 26-7 at 32.
[26] R. Doc. 25-5 at 13. Although Swatt at one point characterized the substance as a smear, he also testified that "[i]t's hard to say even a smear, but it might have been a smear. But it looks like it would have been a smear. It wasn't a huge puddle." *Id.*
[27] R. Doc. 26-2 (video surveillance).

10

substance was clear,[28] and plaintiff suggested it could have been water.[29] Nevertheless, when courts have taken the color of a substance into account on the constructive notice issue, the testimony specifically tied the dark color of the substance to the fact that it was "discolored" or "dirty." *See, e.g., Woods v. Wal-Mart Louisiana, LLC*, 2012 WL 5926178, at *2 (W.D. La. Nov. 26, 2012) (finding there was circumstantial evidence as to how long a substance has been on the floor because of track marks, and discolored because of "buggy marks and dirt"); *Lacy v. ABC Ins. Co.*, 712 So. 2d 189, 192 (La. App. 4 Cir. 1998) (holding that a jury could have inferred that a banana had been on the floor long enough to have been discovered when it had "been on the floor long enough to become dirty and to have been kicked from one side of the aisle to another by customers").

Here, Moreno did not testify that the substance looked dirty. In fact, she stated that the substance did not have any marks, or look like a grocery cart had rolled through it.[30] Plaintiff similarly testified that it did not look as though someone had walked through the substance or pushed a basket through it.[31] Moreno's testimony therefore is insufficient to create an issue

---

[28]    R. Doc. 26-5 at 14.
[29]    R. Doc. 26-6 at 29.
[30]    *See* R. Doc. 26-7 at 34.
[31]    *See* R. Doc. 26-6 at 30.

11

of material fact as to whether the substance was "dirty" or had track marks, which could suggest that it had been on the floor long enough to be discovered. Moreno's testimony therefore does not create a material fact as to how long the substance remained on the floor before plaintiff's fall.

Swatt's testimony similarly fails to create a material fact issue as to how long the substance had been on the floor. Plaintiff relies solely on Swatt's characterization of the substance as a "smear" or a "scuff." The problem with this logical jump is that Swatt claims only to have seen the substance after plaintiff fell, when plaintiff had necessarily already stepped into the substance.[32] And the two witnesses who saw the substance firsthand during plaintiff's fall—plaintiff and Moreno—testified that the substance was circular, had no marks, and did not look as though anyone had walked through it or pushed a cart through it before plaintiff fell.[33] Further, Moreno testified that "you could see the tracks of [plaintiff] sliding," which is consistent with Swatt's observing a smear or scuff only after plaintiff fell.[34] This evidence therefore similarly fails to create an issue of material fact as to how long the substance was on the floor before plaintiff's fall.

---

[32] *See* R. Doc. 26-5 at 12.
[33] *See* R. Doc. 26-7 at 24 (testimony of Moreno); R. Doc. 26-6 at 30 (testimony of Perdomo).
[34] *See* R. Doc. 26-7 at 33.

## C. Presence of Sam's Club Employees

Finally, plaintiff argues that the presence of Sam's Club employees in the vicinity of where he slipped establishes constructive notice. But the statute directly addresses this, stating: "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice unless it is showing the that the employee knew, or in the exercise of reasonable care should have known, of the condition." La. R.S. 9:2800.6(C)(1). But courts have observed that "the presence or absence of . . . employee(s) in the vicinity of an unsafe condition is certainly a significant factor to be considered in determining whether a merchant had constructive notice." *Blackman v. Brookshire Grocery Co.*, 966 So. 2d 1185, 1190 (La. App. 3 Cir. 2007).

Here, plaintiff argues that the video evidence shows two employees in the general vicinity of where plaintiff fell in the ten minutes preceding the accident.[35] But the video evidence does not show a substance on the floor for either employee to have noticed when they walked by, and other customers walked back and forth through the area where plaintiff fell without incident. Moreover, both plaintiff and his girlfriend testified that a Sam's Club

---

35   *See* R. Doc. 26-2 (video surveillance).

13

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion.

New Orleans, Louisiana, this ⎯⎯31st⎯⎯ day of July, 2020.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE